**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA

    Plaintiff,

v.                                        Case No. 98-81104

CECIL D. PEOPLES,

    Defendant.

                                                /

**ORDER DENYING DEFENDANT'S MOTION
FOR A REDUCTION IN SENTENCE**

Before the court is Defendant Cecil Peoples' "Motion to Correct, Modify, and Reduce a Sentence" pursuant to 18 U.S.C. § 3582(c)(2), which has been docketed as "Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense." On October 4, 1999, the court sentenced Defendant to 120 months' imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant's sentence was to be served consecutive with his undischarged state sentence. The government has filed a response in opposition to the pending motion. The court concludes that a hearing is not necessary. *See* E.D. Mich LR 7.1(e)(2). For the reasons set forth below, the court will deny the motion.

Reductions and other modifications of sentences of imprisonment are governed by 18 U.S.C. § 3582(c). *Dillon v. United States*, 130 S.Ct. 2683, 2690 (2010); *United States v. Perdue*, 572 F.3d 288, 290–91 (6th Cir. 2009). That section states that a

"court may not modify a term of imprisonment once it has been imposed," unless one of three situations exists. 18 U.S.C. § 3582(c).

First, a court may modify a sentence if, "upon motion of the Director of the Bureau of Prisons," it finds extraordinary circumstances compel a reduction. 18 U.S.C. § 3582(c)(1)(A). Second, a court may modify a sentence if "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). No other statute expressly grants the court power to modify Defendant's sentence, and Rule 35 permits reduction only "[u]pon the government's motion." Fed. R. Crim. P. 35(b)(2). Defendant has not satisfied the prerequisite of a motion by the Director of the Bureau of Prisons or of a motion by the government. This court may not, therefore, grant the motion under 18 U.S.C. § 3582(c)(1)(A) or (B).

Third, a court may modify a sentence, "upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion," where a subsequent change to the sentencing guidelines would have indicated a lower sentencing range for the Defendant. 18 U.S.C. § 3582(c)(2). As no such change in the sentencing guidelines has occurred, the court is not permitted to reduce Defendant's sentence under this subsection. Defendant's attempt to challenge the original scoring of one criminal history point for an open intoxicants conviction contained in his pre-sentence investigation report is therefore without merit. The court lacks the authority to consider such an argument on a § 3582(c)(2) motion. The Sixth Circuit has held that "[Section] 3582(c)(2) is not an 'open door' that allows any conceivable challenge to a sentence." *United States v. Metcalfe*, 581 F.3d 456, 459 (6th Cir. 2009). Review of a § 3582(c)(2) motion is limited to the narrow determination of whether a defendant "has

2

been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Because Defendant's argument falls well outside the scope of § 3582(c)(2) and he has not proffered any other grounds on which Congress has authorized the court to modify his sentence, it does not entitle Defendant to a reduction of his sentence. Accordingly,

IT IS ORDERED that Defendant's motion for retroactive application of sentencing guidelines, [Dkt. # 56], is DENIED.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 24, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 24, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522