UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Criminal No. 98-cr-81104
                                               Civil No. 14-cv-10911

CECIL PEOPLES,

    Defendant.
                                              /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE, GRANTING THE GOVERNMENT'S MOTION TO DISMISS, AND DENYING A CERTIFICATE OF APPEALABILITY**

On February 27, 2014, Defendant Cecil Peoples filed a *pro se* motion to vacate sentence pursuant to 28 U.S.C. § 2255.  Thereafter, the Government filed a motion to dismiss Defendant's motion to vacate.  Peoples is currently incarcerated at the federal correctional institute in Big Spring, Texas, and challenges his conviction for possession of a firearm punishable under 18 U.S.C. § 922(g)(1).  Defendant raises three grounds of error:  (1) ineffective assistance of counsel, (2) incorrect application of the sentencing guidelines, and (3) that his sentence is substantively unreasonable.  Because his motion is untimely, the court will deny Defendant's motion to vacate sentence, grant the Government's motion to dismiss, and deny a certificate of appealability.

## I.  BACKGROUND

Over the course of several days of surveillance, Drug Enforcement Agency (DEA) officers followed individuals that the DEA suspected of selling cocaine travel to and from a home at 1938 Oakwood in Saginaw, Michigan.  After obtaining a search

warrant, the DEA officers entered the home by force. There, they found Defendant lying on the bed with two loaded weapons on the floor nearby. The officers seized several other weapons, ammunition, one electric scale with white powder residue, $7,985.00 cash, three cell phones, a drug ledger, and a black case containing scales.

On September 16, 1998, Defendant was charged in an indictment with one count of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922 (g)(1) and 924 (a)(2).[1] On June 8, 1999, criminal trial proceedings began before this court and two days later the jury returned a guilty verdict. Subsequently, on September 30, 1999, the court sentenced Defendant to 120 months' imprisonment. Peoples pursued a direct appeal to the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit dismissed Peoples' appeal on February 8, 2000 for want of prosecution when he failed to file an appellate brief. He did not petition the Supreme Court for certiorari.

Approximately fourteen years later, on February 27, 2014, Defendant filed the pending motion to vacate sentence pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

Peoples' motion to vacate is untimely under § 2255 and thus will be denied. Pursuant to § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the

---

[1] At the time of his arrest, Defendant had previously been convicted of attempted delivery of less than 50 grams of cocaine and delivery of less than 50 grams of cocaine. Peoples also had two juvenile petitions filed against him.

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  However, § 2255(f) provides for a one-year statute of limitations in which to file a motion to vacate, set aside, or correct a sentence, which runs from the latest of–

>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Only the first of these subsections applies to the instant motion. Here, Defendant's conviction became final ninety days after the Sixth Circuit dismissed his direct appeal for want of prosecution on February 8, 2000.  *Del Bosque v. United States*, 169 F. App'x 934, 935 (6th Cir. 2006).  Therefore, Defendant's conviction became final no later than May 8, 2000 and, given the one-year statute of limitations, he had until May 8, 2001 to file a § 2255 motion.  Defendant filed his pending motion to vacate on February 27, 2014, almost thirteen years late.  This motion is untimely.

  Defendant acknowledges that § 2255(f) provides for a one-year statute of limitations for the filing of a motion to vacate.  However, he contends that, in his case, the one-year statute of limitations should begin to run, not from "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), but rather from "the date

3

on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2255(f)(4). He argues that his motion is timely pursuant to § 2255(f)(4) because: "it is already documented on [the] record that he was not granted permission to review his federal PSR until 4-19-2013, and specifically he did not discover the erroneous criminal history point and guideline miscalculation until April 23, 2013." (Dkt. # 61, Pg. ID 46.) The court does not agree. "First, 'facts' stated in the presentence report cannot constitute 'new facts' under § 2255(f)(4)." *United States v. Jones*, No. 7:04CR00126, 2008 WL 4058065, at *3 (W.D. Va. Aug. 29, 2008). Defendant had access to his PSR *prior to* sentencing. The record reveals that Defense counsel, Jeffrey A. Taylor, filed objections to the PSR before Defendant's sentencing, indicating that Defendant had an opportunity to review it. The Government has also submitted an affidavit from Taylor in which he states: "I reviewed and discussed the PSR with Cecil Peoples prior to his sentencing." (Dkt. # 65-1, Pg. ID 84.) Thus, contrary to his allegation in his motion to vacate, Defendant had access to his PSR—including the criminal history calculation that he now disputes—over fourteen years before he filed his motion. *Bennett v. United States*, No. CIV.A. 4:13-846-TLW, 2013 WL 4017645, at *5 (D.S.C. Aug. 2, 2013). The court concludes that § 2255(f)(4) does not apply.

Although the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling, *Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002), Defendant has not demonstrated a proper basis for equitable tolling of the statutory period. A Defendant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Defendant states, with no elaboration, that "he has been diligently pursuing his rights." (Dkt. # 66, Pg. ID 93.) Without more, Defendant cannot establish that he has met his burden of diligently pursuing his rights. With respect to the second element required for equitable tolling to apply, Petitioner states that "being denied counsel along with not being allowed to access his PSR until 4-19-13, is the extraordinary circumstance which prevents him filing the petition sooner." (*Id.*) Defendant does not have a constitutional right to counsel in pursuit of his collateral attack upon his conviction under § 2255, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and thus "being denied counsel" (assuming that is even true) is hardly extraordinary. Similarly, as discussed above, Defendant's second stated "extraordinary" reason for delay—access to his PSR—is a mischaracterization because he did have access to his PSR prior to sentencing. The Sixth Circuit has noted that equitable tolling should "be applied sparingly," *Dunlap v. United States*, 250 F.3d 1001, 1008–09 (6th Cir. 2001), and this case presents no circumstances that would entitle Defendant to equitable tolling of the statue of limitations.

Defendant's motion to vacate will be denied.

### III. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits of a motion to vacate, a

certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the court's procedural ruling. Therefore, the court will deny a certificate of appealability.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's motion to vacate sentence (Dkt. # 61) is DENIED.

IT IS FURTHER ORDERED that the Government's motion to dismiss (Dkt. # 65) is GRANTED.

Finally, IT IS ORDERED that a certificate of appealability is DENIED as to all of Defendant's claims.

   s/Robert H. Cleland                
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 28, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 28, 2014, by electronic and/or ordinary mail.

   s/Lisa Wagner                     
Case Manager and Deputy Clerk
(313) 234-5522